|155   167|<br>|155   170|

## Walb *v.* Snyder and Dailey, Appellants.

*Evidence—Deeds—Curtesy—Charge on land.*

In 1845 the orphans' court appointed a trustee to invest in real estate the share of Mary Ann Snyder, a married woman, in her father's estate, under the act of March 29, 1832. The trustee invested the fund in land. In 1853, the husband of the cestui que trust died, and the widow married Weil. In 1853 under an order of court the trustee conveyed the premises to Weil, who gave a mortgage for $1,000 to secure the share of his wife to her separate use. This mortgage was subsequently satisfied. On May 14, 1864, Weil and wife conveyed to Maurer, the trustee, the land in question, for the purpose of divesting Weil of his curtesy. On the same day Maurer conveyed the land to Mrs. Weil, the deed containing this clause: "It is hereby understood that this estate shall not be liable to the curtesy of the husband." The deed also provided that after the death of the wife, the land should vest in her two sons subject to the payment by them of $800 to the mother's representative in proportions to be designated by their mother. In 1866 Mrs. Weil divided the land between her two sons, putting them in possession and designating their shares in writing as prescribed by the deed. The writing was in form of a conveyance, subject to the charges aforesaid, but was not signed by Weil or properly acknowledged by his wife. *Held*, in an action of assumpsit to enforce the charge on the land, that the deed creating the charge, and the writing designating the proportions to be paid by the sons, were properly admitted in evidence, and that plaintiff was entitled to recover.

Argued Feb. 27, 1893. Appeals, Nos. 31 and 32, July T., 1892, by defendants, Albert U. Snyder and Mary F. Dailey, from judgment of C. P. Berks Co., Nov. T., 1890, Nos. 18 and 19, on verdicts for plaintiffs, Amanda Walb and Annie Maria Bechtel, children and heirs of Mary Ann Weil, deceased.

Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit to enforce charges on land.

At the trial, before ENDLICH, J., it appeared that, in 1845, John E. Knabb died intestate, leaving to survive him, among other children, Mary Ann Snyder, a married woman. Mrs. Snyder's husband refused to enter security as required by the act of March 29, 1832, and the orphans' court appointed Henry H. Maurer, trustee, to invest in real estate the share of Mrs. Snyder in her father's estate. The trustee invested the fund in the land in question. In 1853 Snyder died, and the widow married Benjamin Weil. In 1853, under an order of court, Maurer conveyed the premises to Weil, who gave a mortgage for $1,000 to secure the share of his wife to her separate use. This mortgage was subsequently satisfied. On May 14, 1864, Weil and wife conveyed the land to Maurer for the purpose of divesting the husband of his curtesy. On the same day Maurer conveyed the land to Mrs. Weil. The material clauses of this deed are quoted in the opinion of the Supreme Court. On March 1, 1866, Mrs. Weil, by a writing in the form of a conveyance, divided the land between her two sons, putting them in possession and designating, as prescribed by the deed, the shares which they were to pay, defendant's share being $500. This writing was not signed by Weil, nor was it properly acknowledged by Mrs. Weil.

The court, under objection and exception, admitted the deed from Maurer to Mrs. Weil dated March 14, 1864, and the writing dated March 1, 1866. [1, 2]

Binding instructions were given for plaintiffs. [3]

*Errors assigned* in both cases were (1, 2) rulings on evidence, and (3) instructions, quoting instructions, bills of exception and evidence.

*Christian H. Ruhl, Daniel Ermentrout* and *I. C. Becker* with him, for appellant, cited: Hay's Ap., 52 Pa. 451; Wentz's Ap., 126 Pa. 550; Watson v. Bailey, 1 Bin. 470; Watson v. Mercer, 6 S. & R. 49; Trimmer v. Heagy, 16 Pa. 484; Peck v. Ward, 18 Pa. 506; Ulp v. Campbell, 19 Pa. 361.

*Richmond L. Jones*, *Rothermel Bros.* with him, for appellees, cited, DeHaven v. Bartholomew, 57 Pa. 126.

## WALB v. SNYDER, APPELLANT.

PER CURIAM, March 13, 1893:

This action of assumpsit was brought by two of the children of Mary Ann Snyder, nee Knabb, to recover $500 and interest charged upon certain land conveyed to and now held by the defendant. The written instruments by which said charge is alleged to have been created, etc., were given in evidence. One of them is the deed of Henry H. Maurer to Mary Weil (formerly the said Mary A. Snyder), wife of Benjamin Weil, dated May 14, 1864, conveying to her, for and during the term of her natural life, certain premises which said Weil and wife, by deed of even date, had conveyed to said Maurer. This deed, signed, sealed and acknowledged by H. H. Maurer, Susan Maurer his wife and Benjamin Weil, contains, inter alia, the following: " It is hereby understood that this estate shall not be liable to the curtesy of the husband. After the death of the said Mary Weil the said tract of land shall become vested in her two sons, A. Orlando Snyder and Albert Snyder, their heirs and assigns forever; they however to pay unto the other heirs of the said Mary Weil the sum of eight hundred dollars upon her death, together, each of the said sons to pay as a part or portion of the said eight hundred dollars as she shall in writing direct, providing it shall be divided in two sums of five hundred and three hundred dollars, and their said portions and the interest of the said two sons shall be subject to the payment of the said eight hundred dollars until the same shall be paid as aforesaid."

The admission of this deed is the subject of complaint in the first specification; but we are unable to see wherein it was incompetent or irrelevant.

Again, the plaintiff put in evidence the deed of said Mary Weil, dated March 1, 1866, for the purpose of showing that her order or direction, above provided for, was made. In that instrument she designates the payment of five hundred dollars shall be made by Albert Snyder, and charges that sum on his portion of the property. This evidence was objected to and constitutes the second specification of error. We think it was clearly competent for the purpose for which it was offered, and the specification is not sustained.

All the testimony consisted of records and written instruments, including those above referred to. They were, of course, for the construction of the court. In construing them as he did, and in directing a verdict, in favor of the plaintiffs for the five hundred dollars and interest, upon which the judgment de terris was entered, we think the learned judge committed no error. There is nothing in either of the specifications that would justify either a reversal or modification of the judgment.

Judgment affirmed.

## WALB v. DAILEY, APPELLANT.

PER CURIAM, March 13, 1893:

The facts in this case are similar to those in Walb et al. v. Snyder, No. 31, July Term 1892, which has just been disposed of, except that the defendant, Mary F. Dailey, holds the land, charged with the sum claimed by plaintiffs, as devisee of her husband, who by sundry mesne conveyances and assurances acquired title thereto from Orlando Snyder. The principles involved are the same in both cases. There was no error in admitting the evidence recited in the first and second specifications. Nor was there any error in construing the papers admitted in evidence, or in directing a verdict for the amount of plaintiffs' claim, and afterwards entering judgment de terris thereon.

Judgment affirmed.